In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-23-00311-CV**
**IN RE JORDAN ROGERS**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 21-04-05679-CV**

## MEMORANDUM OPINION

In this mandamus proceeding, Jordan Rogers seeks to compel the trial court to vacate an interlocutory order. Rogers complains the trial court deprived her of notice of a sanctions hearing and imposed a penalty that exceeds its legitimate purpose. She argues she lacks an adequate remedy by appeal because the trial court precluded a trial on the merits, required payment before trial, and imposed case-determinative sanctions in an interlocutory order. After reviewing the mandamus petition and the record, we deny the petition for a writ of mandamus.[1]

---

[1] At Relator's request, we take judicial notice of the clerk's records filed in Appeal Numbers 09-21-00338-CV and 09-23-00214-CV, which are accelerated

Background

Rogers sued the Real Party in Interest, Benjamin David Bryan, for breach of contract for the purchase of a dog and intentional infliction of emotional distress. In her petition, Rogers repeatedly referred to Bryan as a deviant sex offender, a child molester, a pedophile, a psychopath, a drug addict, a pornographer, a thief, a con artist, a robber, a criminal, and a defalcator. Bryan counterclaimed for defamation. Rogers moved to dismiss Bryan's counterclaim under the Texas Citizens Participation Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003.

The trial court set Rogers' motion to dismiss for an oral hearing by Zoom on October 8, 2021, at 2:30 p.m. Bryan filed a motion for sanctions. Bryan complained that Rogers included baseless claims that he committed criminal offenses that are not elements of her claims for breach of contract and intentional infliction of emotional distress.

On September 27, 2021, the trial court signed an order granting Bryan's request to take up the motion for sanctions immediately after the hearing on the motion to dismiss. The Court Administrator sent Rogers a notice that she was

appeals arising from interlocutory orders in Trial Court Cause Number 21-04-05679-CV. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12). In the first appeal, this Court affirmed the trial court's order denying Rogers' motion to dismiss Bryan's counterclaim for defamation. *See also Rogers v. Bryan*, No. 09-21-00338-CV, 2023 WL 406173 (Tex. App.—Beaumont Jan. 26, 2023, no pet.) (mem. op.). The second appeal, from a separate order denying a motion to dismiss Bryan's second motion for sanctions, is pending before this Court.

required to appear by Zoom for a hearing on Bryan's motion for sanctions at 3:30 p.m. A subpoena duces tecum was issued against Rogers for an oral hearing by Zoom on October 8, 2021, at 3:30 p.m. On October 4, 2021, Rogers filed a motion for protection from the subpoena. The motion for protection was set for a hearing by submission on October 29, 2021. On October 6, 2021, Rogers filed an unsworn declaration in response to Bryan's motion for sanctions.

Rogers did not appear when the court convened the hearing on Rogers' motion to dismiss. The court administrator informed the court that she had not received any communications from Rogers. The trial court proceeded with the hearing, considered the declarations attached to Bryan's response to Rogers' motion to dismiss, and announced that the motion to dismiss would be denied. The trial court proceeded to hear Bryan's motion for sanctions. Bryan's attorney testified regarding attorney's fees and an appropriate penalty.

On October 13, 2021, the trial court granted Bryan's motion for sanctions, struck Rogers' pleadings, granted Rogers 30 days to file amended pleadings, ordered Rogers to pay $9450 in attorney's fees, and ordered Rogers to pay Bryan $35,000 as a sanction for her conduct within 30 days of the date of the order. The trial court also prohibited Rogers from distributing pleadings to anyone except Bryan's legal counsel, Bryan if he were unrepresented by counsel, or law enforcement. In a

separate order, the trial court denied Rogers' motion to dismiss Bryan's defamation counterclaim.

Rogers amended her pleadings on October 15, 2021. Rogers named Bryan's ex-wife as a defendant but failed to allege a cause of action against her. The amended pleading included allegations that Bryan committed criminal acts. Three days later, Rogers requested rulings on her objections to Bryan's response to her motion to dismiss. This filing included record references for a reporter's record of the October 8 hearing. The trial court overruled Rogers' objections.

On October 22, 2021, Bryan filed a second motion for sanctions. Bryan complained that Rogers' amended pleadings disregarded the trial court's order of October 13, 2021, and he asked the trial court to strike Rogers' pleadings and dismiss her claims with prejudice.

On October 28, 2021, Rogers filed a motion for reconsideration of the order of October 13, 2021. In the motion, Rogers complained that the trial court held the hearing on Bryan's first motion for sanctions before 3:30 p.m. She complained that by holding the hearing between 2:30 and 3:00 p.m. the trial court violated Rogers' due process right to notice.

The proceedings in the trial court resumed after we affirmed the trial court's order denying Rogers' motion to dismiss. Rogers filed an amended petition and an amended answer to Bryan's counterclaim. Bryan filed a reply in support of his

second motion for sanctions. Rogers' motion for reconsideration and Bryan's second motion for sanctions were scheduled for oral hearings in the courtroom on May 19, 2023, at 2:15 p.m. On May 18, 2023, Rogers filed her reply to Bryan's motion for sanctions.

On May 18, 2023, Mark Thuesen filed a petition in intervention. Thuesen alleged he is a creditor of Rogers, having loaned Rogers $2500 to purchase the dog, and that Rogers cannot repay Thuesen unless she recovers the dog or recovers damages from Bryan. Thuesen alleged Bryan breached his contract to purchase the dog from Rogers and that Rogers suffered actual damages of $10,127.64, the amount she allegedly paid for the dog.

On May 19, 2023, the trial court held a hearing on Rogers' motion for reconsideration of Bryan's first motion for sanctions and on Bryan's second motion for sanctions. Rogers did not appear for the hearing, but Thuesen did. Rogers did not file a motion for a continuance. Thuesen stated that he is not an attorney and is not representing Rogers.

On May 19, 2023, the trial court signed an order denying Rogers' motion for reconsideration of the October 13, 2021, sanctions order. On the same day, the trial court signed an order granting Bryan's second motion for sanctions. In the sanctions order, the trial court found that Rogers has consistently abused the judicial system. The trial court found that Rogers' amended pleadings failed to comply with the trial

5

court's order of October 13, 2021, and further found that her filings were made in bad faith, not to resolve a controversy between the parties, but rather to demean Bryan, and that Rogers' behavior justifies a presumption that her claims are meritless. The trial court dismissed Rogers' claims against Bryan with prejudice.

Issues

Rogers contends the trial court denied her due process by holding the October 8, 2021 hearing before its scheduled time. She argues the oral hearing on her motion for reconsideration was not an evidentiary hearing, precluding her from testifying, calling witnesses, and admitting evidence. She argues the trial court took judicial notice of the contents of the court's file but failed to consider the factual statements set forth in her motion for reconsideration. She argues the sole remedy to restore her right to notice of the October 8 hearing is to vacate the order of October 13.

The Fourteenth Amendment to the United States Constitution provides that "[no] State shall ... deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. Due process requires notice and an opportunity to be heard "'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). When a party is not afforded a meaningful opportunity to be heard, "the remedy for a denial of due process is due process." *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995). Here, the trial court's order regarding the hearing and the clerk's notification of the hearing

6

are inconsistent, but the trial court set a hearing on Rogers' motion for reconsideration when Rogers brought that inconsistency to the attention of the trial court in her motion for reconsideration. Thus, she had an opportunity to challenge Bryan's motion for sanctions. Rogers did not appear for the hearing she requested in her motion for reconsideration. We conclude the hearing on the motion for reconsideration of the motions for sanctions satisfied Rogers' right to be heard at a meaningful time and in a meaningful manner.

Rogers argues her nonappearance at the hearing on the motion for reconsideration should not affect her ability to obtain mandamus relief because the trial court did not allow evidence to be admitted at the hearing. Thuesen was neither a movant nor a respondent to either the motion for reconsideration or the motion for sanctions, and since he is not an attorney he could neither appear for Rogers nor present evidence and cross-examine witnesses and present argument on Rogers' behalf. The trial court did not deny Rogers an opportunity to present evidence at the hearing. We conclude the trial court did not abuse its discretion by denying Rogers' motion for reconsideration of Bryan's first motion for sanctions.

Rogers complains that the trial court imposed case-determinative sanctions in an interlocutory order based on no evidence. She argues, in part "Defendant does not offer any facts as to why no reasonable person could believe that Defendant would commit the illegal act of indecency with a child by exposure." But, Rogers sued

Bryan for breaching a contract to buy a dog and for intentionally inflicting emotional distress on Rogers by sending her an indecent pictorial text message. The trial court reasonably concluded that the allegedly defamatory statements in the petition were there not to provide fair notice of her claims, but to embarrass Bryan and damage his reputation with statements that are not descriptive of Rogers' cause of action against Bryan. Under the circumstances present here, the trial court could reasonably conclude that Rogers presented her pleading for an improper purpose. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001(1).

Rogers argues she lacks an adequate remedy by appeal because the trial court imposed an interlocutory sanction that exceeds its legitimate purpose and requires immediate payment. Appeal is an adequate remedy when satisfaction of an intermediate sanctions penalty is deferred. *In re Casey*, 589 S.W.3d 850, 854 (Tex. 2019) (orig. proceeding). The order the trial court signed on October 13, 2021 required Rogers to pay the fees and penalty within 30 days. But the trial court denied Bryan's request to hold Rogers in contempt for failing to pay as she had been ordered. The trial court imposed death penalty sanctions solely because Rogers violated the October 13 order by filing amended pleadings that contain allegations that are unrelated to the controversy at issue in the lawsuit after the trial court

8

imposed that intermediate sanction.[2] The trial court did not strike Rogers' pleadings because she failed to pay the fees and penalty awarded in the October 13 order. Under these circumstances, we conclude Rogers has an adequate remedy by appeal.

Rogers argues she lacks an adequate remedy by appeal because the trial court imposed case-determinative sanctions in an interlocutory order. She argues no admissible evidence was admitted to the trial court related to the elements of Rule 13 and Chapter 10. She argues Bryan failed to overcome the presumption that she filed her pleadings in good faith. She complains the motion for sanctions is a libel or defamation counterclaim disguised as sanctions. Her pleadings could not be groundless, she argues, because indecency with a child by exposure is a crime and Bryan did not introduce any evidence that proves he did not commit that offense. She argues further that she sued Bryan for breach of contract over a dispute about a dog, and Bryan admitted he received the dog without paying for it. Her breach of contract suit has not been presented, she argues, for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation as a matter of law.

A direct relationship must exist between the offensive conduct and sanction imposed, and a sanction must not be excessive. *TransAmerican Nat. Gas Corp. v.*

---

[2] The trial court's May 19, 2023, order sets out the allegations that the trial court found violated its previous order. We decline to repeat them in this opinion.

*Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). In its October 13, 2021, order, the trial court struck Rogers' pleadings and explained in no uncertain terms the parameters upon which she would be required to plead her claims for breach of contract and intentional infliction of emotional distress. In its May 19, 2023 order, the trial court set out the allegations that Rogers included in her amended petitions in violation of the October 13, 2021 order. Those allegations do not describe any of the elements of a claim for breach of contract or for intentional infliction of emotional distress upon Rogers. In those pleadings, Rogers claims Bryan committed criminal acts unrelated to Rogers' causes of action. Rogers filed her amended pleadings in defiance of the trial court's order. We conclude the trial court's May 19, 2023 order striking Rogers' pleadings established a direct relationship between the offensive conduct and the sanction imposed, and was not excessive. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on November 1, 2023
Opinion Delivered November 2, 2023

Before Horton, Johnson and Wright, JJ.